The Honorable Jack Critcher State Senator P.O. Box 79 Grubbs, AR 72431-0079
Dear Senator Critcher:
I am writing in response to your request for my opinion on the following questions:
 1. Are the items that have been donated to a sheriff's department reserve unit the property of the unit's members or of the sheriff's department?
 2. If an incoming sheriff elects to disband the unit, does he have authority to demand that the donated items be returned to his office?
You indicate that the former sheriff staffed the reserve unit with department personnel. I gather the new sheriff intends to reform the unit, since he has directed the former members to "reapply."
RESPONSE
I am unable to answer your questions, since determining who owns the property will entail conducting a factual inquiry into the circumstances surrounding the donations. I cannot answer the factual question of whether the donors gave the property to the sheriff's department, to the reserve unit as a separate entity or to the individual members of the reserve unit. I also cannot determine whether the donors conditioned the gifts on their continued use in law enforcement. These are questions that can only be resolved by a finder of fact.
Question 1: Are the items that have been donated to a sheriff'sdepartment reserve unit the property of the unit's members or of thesheriff's department?
You have not indicated in your request whether the unit was formally organized or whether it was merely an association of volunteers. Based on my limited information, I am unable to determine the extent to which the sheriff exercised formal supervision and control over his employee reserve officers — a question that may be significant in determining whether the reserve unit was in fact an arm of the sheriff's department. I am further unaware of what representations were made in soliciting the gifts and by whom — questions that clearly bear on which entity or individuals were the actual donees. I can, however, point to some general principles that have been applied in previous Attorney General opinions that dealt with possibly analogous situations. In the enclosed Ark. Op. Att'y Gen. No. 89-082, one of my predecessors opined that private donations to the Faulkner County Emergency Squad, a nonprofit corporation formed to assist local law enforcement agencies, could not be classified as "county funds" subject to county control even though the squad was funded in part through a voluntary one-mill tax. In the enclosed Ark. Op. Att'y Gen. No. 95-349, my immediate predecessor opined that private funds raised by a group of Heber Springs police officers to supplement city funding of the department were not "public funds," and hence need not be deposited into the city's general fund, even though the group of officers was not organized as a nonprofit corporation. Finally, in the enclosed Ark. Op. Att'y Gen. No. 2000-063, I opined that if the Kensett Volunteer Fire Department Association were a private association, its fund of "personal citizen donations" would in all likelihood not be subject to fire department control or legislative audit.
In the present case, I lack the information to determine how closely analogous the circumstances in the recited opinions are to those that gave rise to your request. I can offer little more than an opinion that if the reserve unit comprised a private and self-regulating organization of individuals acting as volunteers, items donated to the unit might not qualify as county property. However, even assuming this to be the case, it does not follow automatically that the individual unit members obtained ownership of the donated items in their possession when the unit disbanded. At issue are two simple questions, both of which are purely factual: (1) who or what entity was the recipient of each donated item; and (2) did the donors condition their gifts on any understanding that they would be used for a limited purpose only? As my predecessor pointed out in Ark. Op. Att'y Gen. 96-098:
 "A gift inter vivos must be absolute and, with respect to the immediate vesting of title in the donee, unconditional. . . . [B]ut a donor, by a condition subsequent, may limit his gift to a particular purpose and render it so conditioned and dependent on an expected state of facts that, where that state of facts fails, the gift fails with it, if such condition is not illegal or against public policy. In other words, a condition subsequent accompanying a gift not affecting the donee's title to the property is valid; and the mere fact that a gift absolute in form may be defeated on the happening of a certain event does not invalidate the gift. Whether in a given instance the gift is conditional or absolute is an ordinary question of intention, to be determined by any express declaration in the making of the gift or from the circumstances."
(Quoting 38 C.J.S. Gifts at §§ 36 and 37.) It seems inescapable that the donors of the equipment intended it to be used in law enforcement, and a finder of fact might well determine that the donors intended that the equipment go to the successor reserve unit if the first unit dissolved. To my mind, it seems highly unlikely that the donors would have preferred that the equipment go to the defunct unit's members as private citizens, particularly in light of the fact that another unit is being formed. Moreover, if the gifts qualify as nonprofit property, their disposition may be subject to certain common-law or statutory restrictions. Seegenerally discussion in Ark. Op. Att'y Gen. 94-247. However, any determination on these issues will be one of fact that I am neither equipped nor authorized to offer.
Question 2: If an incoming sheriff elects to disband the unit, does hehave authority to demand that the donated items be returned to hisoffice?
As suggested in my response to your previous question, the scope of the sheriff's control over this property can only be determined by conducting a factual inquiry into the circumstances attending the gifts — an undertaking beyond this office's authority.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures